

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

HANNAH KING
ROBERT GEORGE OWENS

CASE NO. 8:25-cr-482-JLB-SPF
21 U.S.C. § 846
(Drug Trafficking
Conspiracy)

21 U.S.C. § 841
(Distribution of Fentanyl)

18 U.S.C. § 922(g)(1)
(Felon in Possession of
Firearm and Ammunition)

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**
**(Drug Trafficking Conspiracy)**

Beginning on an unknown date, but not later than on or about July 17, 2025, and continuing through on or about September 11, 2025, in the Middle District of Florida, the defendants,

HANNAH KING and
ROBERT GEORGE OWENS,

did knowingly and willfully conspire with each other and other persons, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute a controlled substance. The violation involved 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

All in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(vi).

## COUNT TWO
### (Distribution of Fentanyl)

On or about May 19, 2025, May 30, 2025, June 10, 2025, and July 17, 2025, in the Middle District of Florida, and elsewhere, the defendant,

HANNAH KING,

did knowingly and intentionally distribute a controlled substance. The violation involved 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi).

## COUNT THREE
### (Possession of a Firearm and Ammunition by a Convicted Felon)

On or about September 11, 2025, in the Middle District of Florida, the defendant,

ROBERT GEORGE OWENS,

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including the following offenses:

1. Trafficking Fentanyl, on or about July 24, 2023; and

2. Larceny (Grand Theft), on or about July 24, 2023,

did knowingly possess, in and affecting interstate commerce, a firearm and ammunition, that is, a Raven Arms, Model P-25, Caliber .25 pistol with the Serial

Number 103947; and various rounds of ammunition, including approximately 40 rounds of Sig Saur 9mm rounds and approximately 65 .40 caliber S&W rounds.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

## PREVIOUS CRIMINAL CONVICTION

For the purposes of this section, the allegation contained in Count One is incorporated by reference.

The defendant, ROBERT GEORGE OWENS, committed the offense in Count One of this Indictment after one prior convictions for a serious drug felony, for which he served more than 12 months of imprisonment, became final, and he was released from serving any term of imprisonment related to that serious drug felony within fifteen years of the commencement of the offense charged in this Indictment.

## FORFEITURE

1. The allegations contained in Counts One, Two, and Three are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d) 28 U.S.C. § 2461(c), and 21 U.S.C. § 853.

2. Upon conviction of a violation of 21 U.S.C. §§ 841 or 846, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3

3. Upon conviction of a violation of 18 U.S.C. § 922(g), the defendant, GEORGE OWENS, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

4. The property to be forfeited includes, but is not limited to, the following: a Raven Arms, Model P-25, Caliber .25 pistol, with the Serial Number 103947, and various rounds of ammunition.

5. If any of the property described above, as a result of any acts or omissions of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL,



Foreperson

GREGORY W. KEHOE
United States Attorney

By: _____

Michael J. Buchanan
Assistant United States Attorney

By: _____

Daniel Baeza
Assistant United States Attorney
Chief, Transnational Organized Crime Section

No.

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

HANNAH KING
ROBERT GEORGE OWENS

INDICTMENT

Violations: 21 U.S.C. § 846; 21 U.S.C. § 841; 18 U.S.C. § 922(g)(1)

A true bill.

_____
Foreperson

Filed in open court this 7th day

of October, 2025.

_____ Clerk
JEREMIAH SMITH

Bail $_____