UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 8:25-CR-482-JLB-SPF

ROBERT GEORGE OWENS

## GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE UNDER FED. R. EVID. 404(b)

The United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, intends to introduce evidence, pursuant to Fed. R. Evid. 404(b), of other crimes, wrongs or acts the defendants committed before, during, and after the dates of the conspiracy alleged in the Indictment.

The Government intends to introduce evidence of Owens's prior conviction for trafficking fentanyl. Owens was convicted in July 2023 in Pasco County Court. *See* Case No. 512021CF005046CFAXES (Pasco Cty. Ct.). According to the complaint in that case, during a traffic stop, deputies found approximately 7.81 grams of fentanyl in Owens's front pocket. He later pled guilty to trafficking fentanyl. Other-acts evidence is admissible if: "(1) the evidence is relevant to an issue other than the defendant's character; (2) there is sufficient proof to allow a jury to find by a preponderance of the evidence that the defendant committed the prior act; and (3) the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice under Rule 403." *United States v. Booker*, 136 F.4th 1005, 1013-14 (11th Cir. 2025). Owens's conviction meets each factor. First, the prior conviction is

admissible to prove Owens's intent. And Owens's not guilty plea places his intent at issue.[1] *See United States v. Cardenas,* 895 F.2d 1338, 1342 (11th Cir. 1990) (holding that "when a defendant charged with conspiracy enters a not guilty plea, he makes intent a material issue in the case and imposes a substantial burden on the government").

Second, "a conviction based on a guilty plea to the prior crime is sufficient proof for the jury to find by a preponderance of the evidence that" the defendant committee the prior act. *Booker*, 136 F.4th at 1014. That is the case here; Owens entered a guilty plea in the state court case.

Third, the Eleventh Circuit has regularly held that evidence of prior drug dealing is highly probative of intent to distribute a controlled substance and thus is not overly prejudicial. *See, e.g., United States v. Perry*, 14 F.4th 1253, 1275 (11th Cir. 2021); *Cardenas*, 895 F.2d at 1344; *United States v. Smith*, 741 F.3d 1211, 1226 (11th Cir. 2013). The same result should follow here.

---

[1] While Owens has not been arraigned, he has waived his presence at arraignment and has entered a plea of not guilty. *See* Doc. 33. In any event, Owens's arguments at his preliminary hearing when he was arrested on a complaint indicate that he may contest his intent at trial.

The Government reserves all rights to notice additional evidence under Rule 404(b). Should Owens oppose the Government's introduction of this evidence, the Government respectfully requests permission to respond to that opposition.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: /s/ *Michael J. Buchanan*
Michael J. Buchanan
Assistant United States Attorney
Fla. Bar No. 1020224
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Michael.Buchanan2@usdoj.gov

**U.S. v. Robert Owens**          **Case No. 8:25-CR-482-JLB-SPF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 16, 2025, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to all counsel of record.

<div style="margin-left:45%;">

*/s/ Michael J. Buchanan*
Michael J. Buchanan
Assistant United States Attorney
Fla. Bar No. 1020224
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Michael.Buchanan2@usdoj.gov

</div>