# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO: 8:25-cr-482-JLB-SPF

ROBERT GEORGE OWENS

## PRETRIAL CRIMINAL SCHEDULING ORDER

Now that Defendant has been arraigned or waived arraignment, the Court enters this Pretrial Criminal Scheduling Order to control this case, eliminate unjustifiable expense and delay, and secure a fair outcome. The parties must comply with these requirements with minimal (or no) need for Court intervention. Accordingly, it is **ORDERED**:

### A. Rule 16 Disclosures

1. This Order assumes each party has or will request all disclosures under Rule 16 of the Federal Rules of Criminal Procedure.[1]

a. On or before 14 calendar days from the date of this order, Defendant may file a notice stating he/she does not request any disclosure under Rule 16(a)(1)(E)-(G). The notice must identify the specific disclosures not requested and corresponding subsections. The

---

[1] Unless otherwise noted, all references to rules means the Federal Rules of Criminal Procedure.

Government has no obligation to provide any disclosure to the extent specified in the Defendant's notice.

b. If Defendant timely elects against Rule 16(a)(1)(E)-(G) disclosures, then Defendant need not provide reciprocal discovery under Rule 16(b)(1).

c. Defendant's election not to request any Rule 16(a)(1)(E)-(G) disclosures does not otherwise relieve a party from complying with this Order.

2. On or before 14 calendar days from the date of this order, the Government must make all disclosures under Rule 16(a)(1). For any Rule 16(a)(1)(A) disclosures, the Government must disclose **and provide for inspection, copying, or photographing** any written record that contains the substance of Defendant's relevant oral statement.

3. On or before 21 calendar days from the date of this order, Defendant must make all disclosures under Rule 16(b)(1). But Defendant need not do so until the Government complies with Rule 16(a)(1)(E)-(G).

B. <u>**Additional Disclosures and Discovery**</u>

1. On or before 14 calendar days from the date of this order, the Government must disclose to Defendant and provide for inspection, copying, or photographing the following information as it relates to this case:

a. nature and extent of electronic surveillance or mail covers that law enforcement officers and witnesses used in investigating this case;

b. all recordings and final transcripts of electronic surveillance made during the investigation of this case, regardless of whether the Government intends to use the recordings and transcripts in its case-in-chief;

c. all items seized from a Defendant and all the seized evidence, if any, the Government intends to introduce in its case in chief at trial and permit a Defendant to inspect and copy any search warrant, affidavit, and inventory of any search under Rule 41, pursuant to which the evidence was seized;

d. whether the Government used a confidential informant in its investigation;

e. whether any individual has identified Defendant in a lineup, show up, photo spread, or other identification proceeding;

f. any picture used in or resulting from identification in a lineup, show up, photo spread, or similar identification proceeding;

g. copies of all latent fingerprints or palmprints that a Government expert has identified as belonging to Defendant for independent examination;

h. general nature and purpose[2] of evidence of Defendant's other crimes, wrongs, or acts the Government intends to introduce at trial under Federal Rule of Evidence 404(b)—failure to do so may bar use of such evidence at trial. The disclosure must describe Defendant's specific prior conduct to apprize Defendant of its general nature; and

i. potential conflicts of interest for defense counsel to represent Defendant. All parties must ask their witnesses about matters that may cause a conflict of interest, including whether any attorney has represented the witness.

2. On or before 14 calendar days from the date of this order, the Court **requests—but does not require**—the Government make all disclosures under the Jencks Act, 18 U.S.C. § 3500, and Rules 26.2 and 12(h). If not done, the parties must do so after the witness has testified on direct examination.

3. On or before **14 days before the first day of the trial term**, the Government must disclose to Defendant and permit inspection, copying, and photographing:

---

[2] Examples of purpose are proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

a. all information and material favorable to Defendant's guilt or punishment pursuant to *Brady v. Maryland*, 373 U.S. 86 (1963), its progeny, and other applicable case law; and

b. substance of payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective Government witnesses per *Giglio v. United States*, 405 U.S. 150 (1972) and other applicable case law. For each Government witness who may testify at trial, the Government must (1) give Defendant a record of all prior convictions for impeachment evidence; and (2) make available any application to the Court for a witness' immunity and the corresponding order.

4. The Government must tell all law enforcement agents and officers involved in this case to retain any rough notes, recordings, reports, and statements pertaining to this case that now exist.

5. The Government must give Defendant's counsel **fourteen days written notice** before destroying any evidence in this case. If Defendant objects to the destruction, the Government cannot destroy the evidence without the Court's prior approval.

### C. <u>Continuing Duty to Disclose and Extending Deadlines</u>

1. A party who discovers additional evidence or material must disclose its existence—within **seven days** after it comes into counsel's possession—to

the other party or the Court if the (a) evidence or material is subject to discovery or inspection under this Scheduling Order; and (b) other party previously requested, or the Court ordered, its production.

2. The parties may agree in writing—without Court intervention—to extend the deadlines for Rule 16 disclosures and other discovery, provided the extensions do not disrupt or delay trial, status conferences, or the pretrial motions deadlines.

3. The Government must inform the Court of any delay in the prompt disposition of this case under the Speedy Trial Act of 1974, 18 U.S.C. § 3165, the Middle District of Florida' Speedy Trial Plan, and Rule 60.

**D. Notices**

1. Within **three days** of providing Defendant all disclosures and discovery required by this Order, the Government must file a notice stating the dates it produced the information and the contents of such discovery (if confidential then under seal).

2. On or before 14 calendar days from the date of this order, the Government must file a notice listing each person or non-government entity who has or may have a financial interest in a party or this case. The notice must include each:

    a. victim of the charged conduct who may be entitled to restitution;

b. person or non-government entity who may claim an interest in forfeitable assets;

c. corporation, partnership, or association that a Defendant controls; and

d. publicly traded corporation that is a parent, subsidiary, or affiliate of a victim or otherwise interested corporation.

Thereafter, all parties must notify the Court **immediately** when they learn of any ground for recusal or disqualification of an assigned judge or attorney of record.

3. On or before 28 calendar days from the date of this order, the Government and Defendant must file their respective notices under Rules 12(b)(4), 12.1, 12.2, and 12.3, if applicable.

## E. Motions

1. On or before **14 days after arraignment**, Defendant may move for a bill of particulars. *See* Fed. R. Crim. P. 7(f).

2. On or before 28 calendar days from the date of this order, all Rule 12(b) motions and other pretrial motions (except for motions in limine), must be filed in compliance with Rule 47 and Local Rule 3.01.

a. Failure to raise defenses or objections by timely motion will constitute waiver. Relief from waiver may be granted for cause on a showing of excusable neglect.

7

b. If a party does not file a timely Rule 12(b)(3) motion, the Court may deny the motion as untimely. *See* Fed. R. Crim. P. 12(c)(3).

c. Before filing any motion (except ex parte motions), the moving party must confer with opposing counsel in person or by telephone in a good-faith effort to resolve, clarify, or narrow the disputed issues. Trying to confer is not enough. The motion must include a statement certifying the following information:

    i.    moving counsel has conferred with opposing counsel;

    ii.    counsel has not resolved the motion by agreement; and

    iii.    the motion concerns a matter not covered by this Order.

**The Court may deny without prejudice motions lacking the required certificate.**

3. The parties must not file unnecessary discovery motions about matters covered in this Order. Any such motions may be denied as moot.

4. On or before 28 calendar days from the date of this order the non-moving party must file a response to a pretrial motion in accordance with Local Rule 3.01.

## F. Status Conference and Trial Term

1. This case is set for a telephonic status conference on November 10th 2025 at 1:30 pm before United States District Judge John L. Badalamenti. The Courtroom Deputy Clerk will provide the call-in information on the docket.

2.  This case is set for trial during the December 1, 2025 trial term before United States District Judge John L. Badalamenti.[3] Counsel and their witnesses must be available and ready for trial on 24 hours' notice after the first day of the trial term.

3.  Once Defendant announces ready for trial, the District Judge will issue a Final Criminal Scheduling Order with deadlines for jury instructions, verdict forms, voir dire questions, exhibit lists, witness lists, electronic exhibit binder, and motions in limine.

**DONE AND ORDERED** in Tampa, Florida on October 28, 2025 .

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record

---

[3] Unless Defendant consents otherwise in writing, the trial will not start less than 30 days from the date on which Defendant first appeared through counsel or expressly waived counsel and elects to proceed pro se.  18 U.S.C. § 3161(c)(1).